| NAME | REG. # | YEAR ADMITTED | DEPARTMENT |
|------|--------|---------------|------------|
| Huebner, Paul S. | 2589554 | 1994 | Third |
| Husney, Evan J. | 2871945 | 1998 | Third |
| Ilsoe-Mikkelsen, Jesper | 2568632 | 1993 | Third |
| Kelley, Edward J. | 2709533 | 1995 | Third |
| Kim, Dong-Kee | 2873990 | 1998 | Third |
| Ladegaillerie, Denis J. | 2915601 | 1998 | Third |
| Lee, Soonghee | 3930294 | 2001 | Third |
| Libretti, John P. III | 2362713 | 1985 | Third |
| Madden, William C. Jr. | 2412435 | 1991 | Third |
| Markey, Patricia A. | 2302040 | 1981 | Third |
| McFarland, Patricia C. | 1467679 | 1957 | Second |
| Milton, Dennis P. | 2569135 | 1993 | Third |
| Murphy, Cecil L. | 1617000 | 1974 | Third |
| Newkirk, Raymond | 1127513 | 1973 | Second |
| Osborne, Elizabeth S. | 2361301 | 1990 | First |
| Pamatong, Elly V. | 1943547 | 1982 | Third |
| Reilly, Michael P. | 2058147 | 1986 | Third |
| Robitaille, Donna R. | 2613222 | 1995 | Third |
| Roddy, Beth A. | 1927557 | 1984 | Third |
| Rogers, Donna M. | 1629294 | 1979 | Third |
| Rorick, Charles P. | 3025673 | 2000 | Third |
| Salmon, Bevin O. | 4089355 | 2002 | Third |
| Schwarz, Richard S. | 1289594 | 1974 | Third |
| Stoia, Samuel J. | 2682821 | 1995 | Third |
| Thomson, James A. | 2145647 | 1987 | Third |
| Torres, Thomas F. | 1730225 | 1981 | First |
| Tsang, David Kok K. | 2951762 | 1999 | Third |
| White, Ronald W. | 2340339 | 1990 | Third |
| Wortsman, Alexandra C. | 3015583 | 1999 | Third |
| Yang, Lijun | 2957504 | 1999 | Third |

■ In the Matter of CARMINE J. CLEMENTE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [845 NYS2d 486]—

Per Curiam. Respondent was admitted to practice by this Court in 1973. He is retired from service as an attorney for the State of New York. He resides in the City of Albany.

On June 25, 2007, respondent was convicted in Albany City

Court upon his plea of guilty to one count of scheme to defraud in the second degree, a class A misdemeanor (*see* Penal Law § 190.60). According to the plea agreement, in 2000, respondent received health benefits from the New York Power Authority and the Capital District Physicians Health Plan on behalf of his ex-wife for which he was not eligible. He was sentenced to a conditional discharge, ordered to pay $13,046.83 in restitution to the New York Power Authority, $8,430 to the Capital District Physicians Health Plan, and a $13,000 fine to the State of New York. He has paid the fine and the restitution.

Petitioner moves for an order pursuant to Judiciary Law § 90 (4) (g) imposing final discipline upon respondent by reason of his conviction of a serious crime as that term is defined in Judiciary Law § 90 (4) (d) (*see Matter of Schwartz*, 164 AD2d 184 [1990]). In mitigation, respondent cites his over 30 years of service as an attorney employed by state agencies, his lack of prior discipline as an attorney, his loss of personal and professional reputation as a result of his conviction, and various personal stressors during the relevant time period.

Under all of the circumstances presented, we conclude that the appropriate measure of final discipline for respondent's crime, which involved a fraud upon the public purse, is a suspension from the bar for a period of two years.

Crew III, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).